ROOTS & COE *v.* THE CINCINNATI INSURANCE CO.—SAME *v.* THE WASHINGTON INSURANCE COMPANY.

1. In every case of double insurance, the risk must be on the same property; the liability also must be precisely the same. The insured may take policies upon different parts of the same building, or of the merchandise within the building, or upon different interests in both.

2. Parol testimony is admissible to establish the identity and extent of property covered by a policy of insurance.

SPECIAL TERM.—Plaintiffs brought their several actions upon policies of insurance issued respectively by the Cincinnati and the Washington Insurance Companies. The policy of the Cincinnati Insurance Company was to John McLaughlin for $5500 for two months, from April 5, 1855, upon property described therein, as follows, viz: "Pork sides contained in McGill & Lane's brick pork-house, situated on the north-west corner of Race and Canal streets," "with the privilege of smoking and insuring $——— elsewhere. Loss, if any, payable to Roots & Coe."

The policy of the Washington Insurance Company was to John McLaughlin, for $4500 for two months, from April 5, 1855, upon the property described therein, as follows, viz: "Bulk sides contained in McGill & Lane's brick pork-house, situated on the north-west corner of Canal and Race streets," "with the privilege of smoking and of other insurance for $5500 on same, elsewhere; and in case of loss, payable to Roots & Coe."

A loss happened by fire on April 17, 1855.

And the defense made was, that at the time of the loss, the said John McLaughlin was insured by the Firemen's Insurance Company against loss in the said property, to the amount of $5000 in addition to the amount insured by the defendants.

And on the hearing of the causes it was shown that the Firemen's Insurance Company issued their policy to McGill & Lane, for five thousand dollars, for six months, from November 9, 1854, " on bulk meat, hams, lard, and mess pork contained in brick building and shed adjoining on the north, situated on the north-west corner of Race and Canal streets, and occupied by the assured," " being the property of Jabez B. Risk, of Scott county, Ky., with privilege of smoking and rendering, and insuring $3000 elsewhere. Loss, if any, payable to McGill & Lane." And under date of March 31,

1855, there was the following indorsement written below, viz: "The above risk is, by consent, transferred to sides and shoulders belonging to John McLaughlin, in the above described premises, March 31, 1855"—and thereupon the defendants claimed that by the terms of this latter policy it covered the property described in their policies.

*Bates & Scarborough,* for plaintiffs.

*Coffin & Mitchell,* for Cincinnati Insurance Co.

*Walker, Kebler & Force,* for Washington Insurance Co.

STORER, J. The only question that requires the application of any legal principle is this: Did the policy issued by the Firemen's Insurance Company cover the property proved to have been destroyed, and which it is admitted, was insured by the Washington and Cincinnati offices; in other words, was there a double insurance upon the property covered by the last two policies.

First. The policy issued by the Firemen's Company, is prior in point of time; when it issued, the property insured by the last two policies was not in existence, so far as the ownership or interest of the insured are concerned.

Secondly. It includes, not only property in the main buildings, but also in an adjoining shed.

Thirdly. The parol evidence in the case clearly establishes it was not the same, nor intended to be.

But it is said such evidence can not be permitted to explain the terms of the policy. We think, however, it is proper to establish the identity of the property insured; it certainly creates no new obligation nor affects the contract; it only ascertains what the contract really was; it is therefore but the application of the ordinary principle of law that permits the location of premises, the quality of merchandise, and the representations made by either party at the time the contract was made, to be proved by testimony,

*dehors* the written agreement. A contrary construction would, in every case, make the description in the policy conclusive, and though, in fact, the property covered was distinct from, and entirely independent of, that included in other risks, still the *prima facie* designation of the subject, by the same terms, must estop the insured from all explanation, and in case of loss, the subsequent insurer might claim that a prior risk existed upon the same subject, of which they were not notified, and that they are therefore discharged from liability, while the face of the policy itself would be conclusive of the fact; such can not be the law. The principle thus recognized is held in 5 S. & R. 473, *Peters v. Del. Ins. Co.;* 12 Mass. 214, *Perkins* v. *N. E. Mar. Ins. Co.;* 6 Shepley, 155; 5 Hill, 298; 2 Watts & Sergt. 506, *Stacey* v. *Franklin Ins. Co.* In every case of double insurance, the risks must be on the same property, the liability, also, must be precisely the same. The insured may take policies upon different parts of the same building, or of the merchandise within the building, or upon different interests in both. 5 Ohio, 467, *Harries* v. *Ohio Ins. Co.;* 1 Burrows, 489, *Godin* v. *London Ass. Co.*

In the present case, we hold, though the policies issued by the defendants did not cover the property insured by the Firemen's Insurance Company; that the Firemen's Insurance Company, in case of loss, has no right for contribution against the Cincinnati and Washington offices; and these companies, of consequence, have no right to compel the Firemen's Insurance Company to pay any portion of the loss for which these actions are brought. The whole amount of the loss sustained by the plaintiffs must be apportioned, then, between the defendants, according to the amounts taken by each.